**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL ROY WYCKSTANDT and
T.J. HENDERSON,

      Plaintiffs,

v.

Case No. 04-CV-70239-DT

HONORABLE DENISE PAGE HOOD

TOWNSHIP OF GOODLAND, RONALD
CISCHKE, ANNA MARIA CALIANNO,
NORM TANIS, LOUIS PARSCH,
CURTIS E. STOWE, FORTIETH CIRCUIT
COURT, and SEVENTY-FIRST-A DISTRICT
COURT,

      Defendants.
_____/

**MEMORANDUM OPINION AND ORDER**

**I.    BACKGROUND/FACTS**

On January 23, 2004, Plaintiffs Michael Roy Wyckstandt and TJ Henderson, both proceeding *pro se,* filed the instant suit against Defendants Goodland Township, 71-A District Court and the Circuit Court for Lapeer County, Ronald Cischke, Anna Maria Calianno, Norm Tanis, Louis Parsch, and Curtis E. Stowe. Plaintiffs claim that Plaintiff Wyckstandt purchased a piece of private property on March 15, 1995 located in Goodland Township, Lapeer County, State of Michigan. Plaintiff Wyckstandt erected a building on the property for the use of husbandry and for the private use of Plaintiff. Plaintiff Wyckstandt claims the building was built to code. Plaintiff Wyckstandt has been issued various citations for violations of the zoning and building ordinances. The citations were brought before the 71-District Court for Lapeer County, District Court Case Nos. 02-2137, 02-1287 and 03-1687.

The Verified Complaint alleges, "First Cause of Action–Declaratory and Injunctive Relief and Federal Question." Plaintiffs claim that they have tried to get the constitutional issues in front of the District and Circuit Courts but have been "either shot down as, 'already been adjudicated' or the [Plaintiff] was never been able to litigate such issues." (Verified Complaint, ¶ 39) The first federal question alleges: "Is the [Plaintiff] in state court entitled to proper due process of law, as mandated by the national Constitution?" (Verified Compliant, ¶ 40) Plaintiffs seek in this claim an injunction against the State Courts barring them from enforcing any judgments of those courts. (Verified Complaint, ¶ 41) The second federal question alleges: "Is the judgment of the State District Court in violation of the excessive fines clause of the 9th Amendment?" (Verified Complaint, ¶ 42) Plaintiffs seek in this claim an injunction against the state courts, barring them from enforcing any judgments of those courts. (Verified Complaint, ¶ 43) The third federal question alleges: "Does the Township board and their contractors need a 4th amendment warrant to take picture of the [Plaintiffs'] home and shop?" (Verified Complaint, ¶ 44) Plaintiffs seek in this claim an injunction against the state courts, barring Defendants from enforcing any judgments. (Verified Complaint, ¶ 45) The fourth federal question alleges: "When the [course] of the business affairs of [Defendant] in state court, coming against the constitutional rights belonging to [Plaintiff] in state court, is [Defendant] in state court subject to Administrative procedures?" (Verified Complaint, ¶ 51) Plaintiffs seek in this claim injunctive relief in state court, to enjoin Defendants from enforcing an unconstitutional actions against Plaintiff in state court. (Verified Complaint, ¶ 52) The fifth federal question alleges: "Must laws enacted by the State of Michigan and adopted by the [Defendant] in state court, be in compliance with Article 4 section 23 of the Michigan Constitution?" (Verified Complaint, ¶ 53) Plaintiffs seek in this claim injunctive relief to enjoin Defendants from enforcing

unconstitutional laws against Plaintiffs in state court. (Verified Complaint, ¶ 54) The sixth federal question alleges: "Must the [Plaintiff] comply with the administrative procedures adopted by [Defendant]?" (Verified Complaint, ¶ 55) Plaintiffs seek injunctive relief against Defendants in state court, to enjoin Defendants from enforcing unconstitutional actions against Plaintiffs. (Verified Complaint, ¶ 56)

This matter is before the Court on various motions filed by the parties, including cross-motions for summary judgment. Responses have been filed and a hearing held on the matter.

**II.  ANALYSIS**

    **A.  Standard of Review**

Rule 12(b)(1) provides for a motion to dismiss for lack of jurisdiction over the subject matter of the claim. In order to defeat a motion under 12(b)(1), the plaintiff must show only that the complaint alleges a claim under federal law, and that the claim is "substantial." A federal claim is substantial unless "prior decisions inescapably render [it] frivolous.'" *Transcontinental Leasing, Inc. v. Michigan National Bank of Detroit*, 738 F.2d 163, 165 (6th Cir. 1984). In short, when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made. *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1248 (1996).

Rule 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted. This type of motion tests the legal sufficiency of the plaintiff's Complaint. *Davey v. Tomlinson*, 627 F.Supp. 1458, 1463 (E.D. Mich. 1986). In evaluating the propriety of dismissal under Rule 12(b)(6), the factual allegations in the Complaint must be treated as true. *Janan v. Trammel*, 785 F.2d 557, 558 (6th Cir. 1986). The court's inquiry is limited to whether the

challenged pleadings set forth sufficient allegations to make out the elements of a right to relief. *Janan*, 785 F.2d at 558. "The complaint should not be dismissed unless it appears without doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Computer Leasco v. Volvo White Truck Corp.*, 820 F.Supp 326, 332 (E.D. Mich. 1992)(citing *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957)).

Rule 56(c) of the Rules of Civil Procedure provides that summary judgment be entered only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" only if the "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed. 265 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an essential element of that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

4

**B.      Second Motion for Summary Judgment and/or for Judgment on the Pleadings filed by Defendants 71A District Court and 40th Circuit Court**

This is the second dispositive motion filed by Defendants 71-A District Court and the 40th Circuit Court ("Defendant State Courts"). In their first dispositive motion, Defendant State Courts moved to dismiss the claims against them based on Eleventh Amendment immunity. The Court denied the motion and the issue is currently on appeal. In their present motion, Defendant State Courts argue that they are entitled to dismissal based on the *Rooker-Feldman* and the *Younger* abstention doctrines.

The *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983), concerns the federal court's subject matter jurisdiction over a complaint. Under the doctrine, a United States District Court has no authority to review final judgments of a state court judicial proceedings; review of such judgments may be had in the United States Supreme Court. *Feldman,* 460 U.S. at 482. To the extent that a federal District Court is requested to review a State Court's order, the federal District Court lacks subject-matter jurisdiction over those complaints. Lower federal courts possess no power whatever to sit in direct review of state court decisions. If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's complaint, then the district court is in essence being called upon to review the state-court decision, which the district court may not do. *Id.* at 483. To the extent that a general challenge to the constitutionality of a certain rule is alleged, the District Court does have subject-matter jurisdiction over those complaints. *Id.* at 482-83. Federal courts, however, require that a plaintiff raise his federal constitutional claims at the state level before the federal courts will review a state court's decision. The Supreme Court has noted the competence of state courts to

adjudicate federal constitutional claims. *Id.* at 483.

The *Younger* abstention doctrine applies where principles of equity, comity and federalism in certain circumstances counsel abstention by the federal courts in deference to ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate injury. *Id.* at 44. The Supreme Court has applied abstention to state civil proceedings which involve important state interests and to a variety of state administrative proceedings. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). The Supreme Court has enumerated a three-part test to determine abstention:

> 1) Whether the proceedings involved constitute an ongoing state judicial proceeding;
> 2) Do the proceedings implicate important state interests; and
> 3) Is there an adequate opportunity in the state proceedings to raise constitutional challenges?

*Id.* at 432.

Based on a liberal review of the Verified Complaint, the Court finds that, under either doctrine, the Verified Complaint must be dismissed. *See Haines v. Kerner*, 404 U.S. 519 (1972) (Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys.) Plaintiffs clearly seek to enjoin the Defendant State Courts from enforcing the judgments entered by those Courts. Although Plaintiffs raise various constitutional claims in their Verified Complaint, the relief they seek is to enjoin the enforcement of any judgments entered by the Defendant State Courts. Plaintiffs constitutional claims are clearly intertwined with the proceedings before the State Courts.

Judgments have been entered in two of the State District Court Case Cases (Nos. 02-1287 and 02-2137). (Exhibits to Plaintiffs' Verified Complaint)  Plaintiff Wyckstandt filed appeals from the two judgments in State District Court Case Nos. 02-1287 and 02-2137 to the Lapeer County Circuit Court. (Exhibits to Plaintiffs' Verified Complaint)  No judgment has been entered in State District Court Case No. 03-1687, although sanctions have been imposed upon Plaintiff Wyckstandt in that case. (Exhibits to Plaintiffs' Verified Complaint).  Because Judgments have been entered in the two State District Court Case Nos. 02-1287 and 02-2137, under the *Rooker-Feldman* doctrine, this Court has no authority to review the judgments entered by the Defendant State Courts.  As to the third State District Court Case No. 03-1687, under the *Younger* abstention analysis, the Court must abstain from proceeding with the issues raised in that case because three-part test to determine abstention has been met.

As to the first prong of the test–an ongoing state judicial proceeding–there is no dispute that State District Court Case No. 03-1687 is pending before the State Court.  The exhibits submitted by Plaintiffs show that Plaintiff Wyckstandt participated in that proceeding.

Regarding the second prong of the test--important state interests–the ongoing proceeding before the State Court implicates the State's authority to enact and enforce various building and zoning ordinances.

Addressing the final prong of the test–adequate opportunity to raise constitutional challenges–as the Supreme Court has held, state courts are more than capable of addressing constitutional challenges. *Feldman,* 460 U.S. at 483.  Abstention is appropriate unless state law clearly bars the interposition of the constitutional claims. *Moore v. Sims*, 442 U.S. 415, 425-26 (1979).  The burden rests on the federal plaintiff to show that state procedural law barred

presentation of the plaintiff's claims. *Id.* at 432. Plaintiffs have the ability argue before the State Courts and to file motions, as evidenced by the numerous briefs filed by Plaintiffs in this case and the transcripts filed by Plaintiffs in the hearings before the State Courts. Plaintiffs have not carried their burden that there are state procedural laws which bar Plaintiffs from raising any argument before the State Courts. Plaintiffs essentially do not agree with the rulings made by the State Courts. Plaintiffs have the opportunity, as Plaintiff Wyckstandt has done in the other two State Court cases, to appeal any decisions by the trial court. Plaintiffs clearly have the opportunity to raise any constitutional issues in the proceedings before the State Courts.

Based on the above analysis, the Court dismisses the Verified Complaint based on the *Rooker-Feldman* and *Younger* abstention doctrines.

### C.     Defendants Goodland Township, Cischke, Calianno, Tanis, Parsch and Stowe's Motions for Summary Judgment

#### 1.     *Rooker-Feldman* and *Younger* abstention doctrines

The Verified Complaint is dismissed as to all Defendants in this case because the Court has no jurisdiction over the claims in the Verified Complaint. There are no factual allegations against Defendants Cischke, Calianno, Tanis, or Parsch, other than listing them as defendants. The only factual claims set forth in the Verified Complaint are only against Defendants Stowe and Goodland Township. (Verified Complaint, ¶¶ 19, 20, 47) In any event, the factual allegations all stem from the enforcement actions by the Township of the Township's building and zoning ordinances, which are the subject of the three State Court cases at issue in this lawsuit. As noted in *Younger*, the federal district court should not interfere with a pending state criminal proceeding except in rare situations. *Younger*, 401 U.S. at 44. Although the underlying District Court case may not necessarily be a criminal proceeding since Plaintiff Wyckstandt is charged with violating ordinances,

it may be considered criminal since Plaintiffs are claiming that the Defendants violated their rights to due process of law because they trespassed their property without a proper warrant. (Verified Complaint, ¶ 47) This issue can be raised, and may have already been raised, before the State District Court. Any finding on the warrant issue by this Court would constitute a review of the State District Court's decision, which the *Rooker-Feldman* and *Younger* abstention doctrines prohibit, as noted above.

The Court addresses briefly below, the remaining arguments raised by Defendants.

### 2. Fourth Amendment/Illegal and Warrantless Search/Defendant Stowe

Defendants Goodland Township, Cischke, Calianno, Tanis, Parsch and Stowe ("Goodland Township Defendants") move for summary judgment against Plaintiff Henderson claiming that Plaintiff Henderson had no involvement in any of the proceedings before the State Courts and he has no sufficient property interest in the realty which is the subject of the State Court proceedings. The Goodland Township Defendants also argue that both Plaintiffs claim under the Fourth Amendment based on illegal and warrantless search of Plaintiff Wyckstandt's property must be dismissed.

Plaintiff Henderson testified at his deposition that he was not involved in any of the proceedings before the State Courts. (Henderson Dep., pp. 17-18) Plaintiff Henderson admitted he never received a notice of violating any ordinance at issue in this case. (Henderson Dep., p. 17) Plaintiff Henderson claims his due process rights were not violated in connection with the proceedings before the State Courts. (Henderson Dep., p. 18)

Plaintiff Henderson claims, however, that his right to be free from an illegal search under the Fourth Amendment was violated when an aerial photograph was taken of Plaintiff Wyckstandt's

9

property by Defendant Stowe, the Building Inspector for the Lapeer Construction Code Authority. The Goodland Township Defendants argue that Plaintiff Henderson lacks ownership interest over the property since the only interest Plaintiff Henderson claims he has over the property is a loan to Plaintiff Wyckstandt, with the property as collateral, based on a "Private Common Law Contract" entered into between the Plaintiffs. (Henderson Dep., p. 8; Wyckstandt Dep., pp. 68-69; Ex. C to Defendants' Br.)

The Goodland Township Defendants argue that even if Plaintiff Henderson had sufficient property interest in Plaintiff Wyckstandt's property, the Supreme Court has held that the Fourth Amendment does not require the police traveling in the public airways to obtain a warrant in order to observe what is visible to the naked eye. *California v. Ciraolo*, 476 U.S. 207, 209 (1986). The Goodland Township Defendants claim that any Fourth Amendment violation alleged against them, and, in particular against Defendant Stowe who took the aerial photographs must be dismissed.

To state a 42 U.S.C. § 1983 due process claim, a plaintiff must allege that he possessed property that was subjected to some loss which amounted to a deprivation and that the deprivation occurred without due process of law. *See Paratt v. Taylor*, 451 U.S. 527, 536-37 (1980). In this case, Plaintiff Henderson did not possess Plaintiff Wyckstandt's property but, at most, may have had a lien on the property, based on the contract entered into between Plaintiffs. Based on *Ciraolo,* even if Plaintiff Henderson had sufficient property interest in Plaintiff Wyckstandt's property, the taking of an aerial photograph of Plaintiff Wyckstandt's property does not violate the Fourth Amendment. Plaintiffs Wyckstandt and Henderson have failed to state a claim upon which relief may be granted on their Fourth Amendment illegal and warrantless search claim. Both Plaintiffs Fourth Amendment claim must be dismissed.

### 3. Absolute Immunity for Goodland Township Officials

Defendants Cischke, Calianno, Tanis and Parsch are elected members of the Goodland Township Board of Trustees.  Plaintiff Wyckstandt testified at his deposition that the Township Board Members voted at a public meeting to pursue zoning ordinance violation charges against him. The individual Defendants claim they are entitled to qualified immunity because they were acting in their capacities as officials for the Goodland Township and the CCA.

There are two types of immunities available to persons performing certain governmental functions: absolute and qualified.  *See Owen v. City of Independence,* 445 U.S. 622, 637-38 (1980). Absolute immunity is a much broader immunity than qualified immunity.  Absolute immunity is immunity from suit and applies whether the relief sought is money damages or injunctive relief, whereas, the defense of qualified immunity protects officials only from a suit for monetary damages. See *Cagle v. Gilley,* 957 F.2d 1347, 1350 (6th Cir. 1992) and *Alia v. Michigan Supreme Court*, 906 F.2d 1100, 1102 (6th Cir. 1990).  The Supreme Court has held that local legislators are entitled to absolute immunity from § 1983 liability for their legislative activities.  *Bogan v. Scott-Harris,* 423 U.S. 44, 54 (1998).  The Supreme Court noted that absolute immunity for local legislators under § 1983 finds support not only in history but also in reason.  *Id.* at 52.  "The rationales for according absolute immunity to federal, state, and regional legislators apply with equal force to local legislators." *Id.*  The Supreme Court went on to note that, "[r]egardless of the level of government, the exercise of legislative discretion should not be inhibited by judicial interference or distorted by the fear of personal liability."  *Id.*  The time and energy required to defend against a lawsuit are of a particular concern at the local level and that the threat of liability may significantly deter service in local government, where prestige and pecuniary rewards may pale in comparison to the threat of

11

civil liability. *Id.* The ultimate check on legislative abuse is through the electoral process. *Id.* at 53. Even if the motive of the legislator is to target an individual, the subjective intent or motive of the legislator is not the focus of the analysis. *Id.* at 54. "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Id.* "The privilege of absolute immunity 'would be of little value if [legislators] could be subjected to the cost and inconvenience and distractions of a trial upon a conclusion of the pleader, or to the hazard of a judgment against them based upon a jury's speculation as to motives.'" *Id.*, *citing Tenney v. Brandhove,* 341 U.S. 367, 377 (1951). The focus of the analysis is "whether, stripped of all considerations of intent and motive, [the officials'] actions were legislative." *Id.* at 55.

Plaintiff Wyckstandt claims that the Defendant members of the Township Board voted to pursue zoning violations against him. Plaintiffs also claim that the Township Board improperly enacted a building code or laws in violation of the Michigan Constitution. (Verified Complaint, ¶ 53)

Zoning is ordinarily a legislative activity if the underlying purpose of the zoning activity is to establish general policy. *See Haskell v. Washington Twp.,* 864 F.2d 1266, 1278 (6th Cir. 1988). When local zoning officials do more than adopt prospective, legislative-type rules and take the next step into the area of enforcement, they can claim only the executive qualified immunity appropriate to that activity. *Id., citing Scott v. Greenville County,* 716 F.2d 1409, 1423 (4th Cir. 1983). In Michigan, townships and villages may regulate land use and land division. See M.C.L. § 125.271(1). A planning commission may be established to make recommendations regarding land development and division to the townships or villages. M.C.L. § 125.323(1).

Zoning activity is a legislative activity. Passing of the ordinance reflected a discretionary

12

and policymaking decision of the Goodland Township Board. Additionally, any actions taken by the Goodland Township Board in connection with enforcement of any ordinance it has enacted are legislative or policymaking activity by the Board. Trustees of the Village of Armada Council and the members of the Planning Commission. The Goodland Township Board members are entitled to absolute immunity based on their actions as Board members.

### 4. Goodland Township

Defendant Goodland Township argues that it is entitled to dismissal because it is a municipality and is not liable under 42 U.S.C. § 1983.

In order for a municipality to be liable under Section 1983, there must be evidence that "execution of [the] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Generally, the doctrine of *respondeat superior* has no application in a § 1983 claim absent an allegation that the defendants were following the government's policies or customs. *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

Plaintiffs have not submitted any evidence nor does the Verified Complaint allege that Defendant Goodland Township had a policy or custom which violated Plaintiffs' constitutional rights. Defendant Goodland Township improperly enacted an ordinance. As noted above, Michigan law provides the ability to appeal any zoning ordinances through the State Court system. Plaintiffs have failed to state a claim against Defendant Goodland Township.

### D. Defendants 71A District Court and 40th Circuit Court's Motion for Sanctions

Defendants 71A District Court and 40th Circuit Court claim they are entitled to sanctions under Rule 11 of the Rules of Civil Procedures. These Defendants claim that Plaintiffs brought this

lawsuit for an improper purpose to harass or cause unnecessary delay or needless increase in the cost of litigation. Defendants claim that Plaintiffs' arguments are frivolous and the factual contentions have no evidentiary support. Defendants served the Motion for Sanctions upon Plaintiffs on April 1, 2004, as required by the safe harbor provision of Rule 11. Fed. R. Civ. P. 11(c)(1)(A).

Rule 11 of the Federal Rules of Civil Procedure allows a party to seek sanctions, after notice and an opportunity to respond by the opposing party, to be imposed upon attorneys, law firms, or parties that have filed pleadings for an improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation, or, for claims and other legal contentions that are unwarranted by existing law or by frivolous argument, or, the factual contentions are not warranted on the evidence. Fed. R. Civ. P. 11(b). Sanctions imposed for violation of the rule must be limited to what is sufficient to deter repetition of such conduct. Fed. R. Civ. P. 11(c)(2). Rule 11 was revised in 1993 to remedy problems that arose in the interpretation and application of the rule. Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments. Attorneys and *pro se* litigants have an obligation to the court to refrain from conduct that frustrates the aims of Rule 1, which is to secure the just, speedy, and inexpensive determination of every action. *Id.* Rule 11 requires attorneys and *pro se* litigants to conduct a reasonable inquiry into the law and facts before signing pleadings, written motions, and other documents. *Id.* A plaintiff's *pro se* status and the absence of legal advice are appropriate factors as special circumstances to be considered when determining if Rule 11 has been violated. Fed. R. Civ. P. Rule 11, Advisory Committee Notes, 1983 Amendments; *Haines v. Kerner,* 404 U.S. 519 (1972). In *Albright v. UpJohn Co.,* 788 F.2d 1217 (6th Cir.1986), the Sixth Circuit affirmed the district court's denial of sanctions against a *pro se* plaintiff, but cautiously warned that further filings of the action would be violative and warrant Rule 11 sanctions.

Plaintiffs in this case are proceeding *pro se*. Although in this Opinion the Court has dismissed the Verified Complaint, the Court finds that Rule 11 sanctions are not warranted at this time. Based on their pleadings and briefs, Plaintiffs strongly believe that their constitutional rights have been violated, even though this Court has found that their claims fail to state a claim upon which relief may be granted or that Defendants are entitled to some form of immunity. The Court notes that Defendants 71A District Court and 40th Circuit Court's initial Motion to Dismiss based on the Eleventh Amendment immunity was denied by the Court. Plaintiffs claims, therefore, survived Defendants' initial dispositive motion. The Court denies Defendants 71A District Court and 40th Circuit Court's Motion for Sanctions. However, Plaintiffs are cautioned that, in the future, they should initially seek advice or research the issues of law they wish to litigate before filing a complaint, as required by Rule 11.

### III.  CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants 71A District Court and Lapeer County Circuit Court's Second Motion for Judgment on the Pleadings and/or Summary Judgment **(Docket No. 45, filed March 29, 2004)** is GRANTED.

IT IS FURTHER ORDERED that Defendants Goodland Township, Cischke, Calianno, Tanis, Parsch, and Stowe's Motion for Summary Judgment **(Docket No. 46, filed November 12, 2004)** as to Plaintiff Henderson is GRANTED.

IT IS FURTHER ORDERED that Defendants Goodland Township, Cischke, Calianno, Tanis, Parsch, and Stowe's Motion for Summary Judgment **(Docket No. 47, filed November 12, 2004)** as to Plaintiff Wyckstandt is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Dismiss and/or for Summary Judgment **(Docket No. 52, filed December 3, 2004)** is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Dismiss and/or for Summary Judgment **(Docket No. 56, filed December 29, 2004)** is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Declaratory Judgment**(Docket No. 58, filed January 24, 2005)** is DENIED.

IT IS FURTHER ORDERED that Defendants 71A District Court and 40th Circuit Court's Motion for Sanctions **(Docket No. 63, filed February 10, 2005)** is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Extend Time for Discovery **(Docket No. 42, filed October 20, 2004)** is MOOT.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.[1]

        /s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: September 29, 2005

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 29, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2005, by electronic and/or ordinary mail.
        s/William F. Lewis
        Case Manager

---

[1] In a separate order, the Court remands the issues set forth in State District Court Case Nos. 02-2137, 02-1287 and 03-1687.